990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OPERATING ENGINEERS PENSION TRUST, Operating Engineers
Health and Welfare Fund, Operating Engineers
Vacation-Holiday Savings Trust, and
Operating Engineers Training
Trust, Plaintiffs-Appellees,
v.
PIZZEY CONSTRUCTION, a California partnership and Edward
Schenet, an individual, doing business as Pizzey
Construction, Defendants-Appellants.
 No. 91-55517.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1993.*
Decided March 8, 1993.
 
 Before D.W. NELSON, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This action arose when the appellants' construction company failed to make certain contributions to the appellees, various Engineer's Trusts and Funds (the "Trusts"), as required by the parties' collective bargaining agreement. A complaint and summons were served on the appellants. The appellants failed to respond to the complaint. The clerk entered a default against them on September 4, 1990, pursuant to Federal Rule of Civil Procedure 55(a). The district court denied the appellants' motion to set aside the default.
 
 
 3
 The Trusts moved for default judgment under Federal Rule of Civil Procedure 55(b)(2). A hearing date was set and then continued to allow the appellants' counsel to interview witnesses who had knowledge of facts relevant to the issue of damages. At the hearing, the appellants requested yet another hearing on whether a certain employee was a "split work" employee. The court granted the Trusts' motion for default judgment, finding specifically that the employee in question was a "split work" employee for whom contributions were required for all hours worked. Memorandum of Ruling, No. CV-90-3553-RSWL (Kx), March 11, 1991, at 1.
 
 
 4
 Appellants contest "the propriety of a denial of an evidentiary hearing on a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure." Reply Brief at 1-2. This contention is meritless. The appellants had their hearing on March 11, 1991. At that time the court considered the declarations of the Trusts' auditor, the declarations of Mrs. Pizzey, her no-check report, and the arguments of counsel.
 
 
 5
 The appellants contend that if there were yet another hearing, certain "facts could be ascertained" about the "split work" employee's true job classification and the nature of the work he performed. Reply Brief at 7. The appellants are really contending there was insufficient evidence to support liability in that no contributions were required because the work was not covered by the agreement. The appellants argue from this premise that the damages were uncertain.[1] Aside from the sophistry of this argument, a default conclusively establishes liability. Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir.1977). Therefore, the district court need not have considered further evidence on what is clearly an issue of the appellants' liability for the contributions. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir.1990), cert. denied, 111 S.Ct. 1019 (1991).
 
 
 6
 AFFIRMED. The action is remanded to the district court for allowance of attorney's fees for the appellees on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We note that the district court had before it unequivocal evidence that the appellants had certified to the Trusts that the employee had worked hours for which contributions were required under the collective bargaining agreement